**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Alliance For Community Health Centers, et al.,<br><br>       Plaintiffs,<br><br>v.<br><br>Arizona Health Care Cost Containment System, et al.,<br><br>       Defendants. | No. CV-19-00517-TUC-JGZ<br><br>**ORDER** |

      Pending before the Court is a Motion to Join the Centers for Medicare and Medicaid Services (CMS) as a Defendant, filed by Defendants Arizona Health Care Cost Containment System and Carmen Heredia (collectively AHCCCS). (Doc. 97.) AHCCCS argues the Court should join CMS as a defendant under Rules 19 and 20 of the Federal Rules of Civil Procedure, (*Id.* at 1), so CMS can "provide and defend the administrative record that . . . must be examined to determine whether the approvals of Arizona's state plan and [state plan amendments (SPAs)] are entitled to *Chevron* deference," (*Id.* at 11). Plaintiffs filed a Response opposing the Motion, (Doc. 103), and AHCCCS filed a Reply, (Doc. 105). CMS filed a Response, opposing joinder and disclaiming interest in this action, (*see* Doc. 107 at 7, 9–10), and AHCCCS filed a Reply, (Doc. 113). In its Reply, AHCCCS concedes joinder under Rule 19 does not apply because CMS has disclaimed interest in this action. (*Id.* at 1.) Therefore, the Court need only address AHCCCS's request for joinder of CMS pursuant to Rule 20. For the reasons discussed in this Order,

the Court concludes that permissive joinder under Rule 20 is improper, and the Court will deny AHCCCS's Motion.

Rule 20(a)(2) allows courts to join an absent party as a defendant only if two conditions are present:

> (A) ***any right to relief is asserted against them*** jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added). This Rule requires that a party assert a right to relief against a defendant to allow joinder. 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1657 (3d ed. 2023). Yet a defendant has no right to insist that a plaintiff join all persons who could be joined. 4 Wm. Moore et al., *Moore's Federal Practice* § 20.02 (3d ed. 2023); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 94 (2005) ("It was not incumbent on [the defendant] to propose as additional defendants persons the [plaintiffs], as masters of their complaint, permissively might have joined."). If a defendant asserts a counterclaim or crossclaim, then it is considered a plaintiff for the purposes of joinder and it may join the parties against which it asserts claims. *See* Moore et al., *supra*, § 20.02; *Nixon v. Guzzetta*, 272 F.R.D. 260, 262 (D.D.C. 2011) ("The language of Rule 20(a)(2) confirms that the rule is not a means for defendants to join additional parties where the defendant has not asserted any counterclaims or crossclaims."). Moreover, even when the conditions of Rule 20 are met, courts may deny permissive joinder if it conflicts with the principles of fundamental fairness or would cause prejudice. *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013).

Under Rule 20, joinder of CMS is improper because no party has asserted a claim against CMS. On the contrary, "Plaintiffs assert that AHCCCS, and AHCCCS alone, has violated their Medicaid Act payment rights through the implementation of Arizona's State Plan and SPAs." (Doc. 103 at 20.) Similarly, AHCCCS asserts no counterclaim or crossclaim against CMS.

AHCCCS argues that denying joinder would cause inefficiency, unfairness, and prejudice, and the Court should construe Rule 20 liberally to avoid these ends. (*See* Doc. 97 at 10–11.) However, an analysis of whether permissive joinder would be unfair or cause prejudice is unnecessary because the conditions of Rule 20 are not met. *See* Fed. R. Civ. P. 20(a)(2); *Visendi*, 733 F.3d at 870. And, even assuming denying joinder would, as AHCCCS contends, cause delay and make discovery more difficult, (*see* Doc. 113 at 6), the Court cannot construe Rule 20 so broadly as to ignore its plain wording. *See* 4 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1029 (3d ed. 2023) (judges should not ignore the plain wording of a rule to effectuate the just, speedy, and inexpensive determination of an action).

Accordingly,

**IT IS HEREBY ORDERED** that AHCCCS's Motion to Join CMS as a Defendant (Doc. 97) is **denied**.

Dated this 7th day of May, 2023.

_____
Honorable Jennifer G. Zipps
United States District Judge